UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| HERITAGE LAKES ESTATE CONDOMINIMUM ASSOCIATION, </br></br>Plaintiff, </br></br>vs. </br></br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: |

## COMPLAINT

Plaintiff, Heritage Lakes Estate Condominium Association, by its undersigned attorneys, for its complaint against Defendant, Nationwide Property and Casualty Insurance Company, states:

## FACTS

1. At all times relevant, Plaintiff, Heritage Lakes Estate Condominium Association ("Plaintiff" or "Heritage Lakes"), was and is a citizen of Illinois, being an Illinois not-for-profit corporation with its principle place of business in Wheaton, Illinois, and was and is the owner of 54 condominium buildings and a clubhouse in Wheaton, Illinois (collectively "the Buildings" or "the insured premises").

2. At all times relevant, Defendant, Nationwide Property and Casualty Company ("Nationwide"), was and is an Ohio citizen, being an Ohio corporation with its principle place of business in Columbus, Ohio, was and is authorized to do business in the State of Illinois, and was and is engaged in the business of underwriting and issuing commercial property and casualty insurance for condominium associations.

1

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, Nationwide does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Nationwide issued to Heritage Lakes a property and casualty insurance policy effective June 25, 2018 through June 25, 2019 ("the insurance policy", a copy of which is attached as Exhibit A).

6. Under the insurance policy, Nationwide insured Heritage Lakes against direct physical loss or damage to the insured premises caused by hail.

7. Loss caused by hail is not excluded under the terms and conditions of the insurance policy and is therefore a covered cause of loss.

8. On August 1, 2018, while the insurance policy was in full force and effect, the Buildings were damaged by hail ("the hail loss").

9. Nationwide acknowledged the hail loss was covered under the insurance policy and issued a payment to Heritage Lakes in the amount of $75,417.77, representing the actual cash value of the hail loss less the $10,000 policy deductible. A copy of the estimate on which the actual cash value payment was based on is attached as Exhibit B.

10. The insurance policy contains an "Appraisal" provision which reads as follows:

> **"Appraisal**
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser after receiving a written request from the other, and will advise the other party of the name of such appraiser within 20 days. The two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>   a. Pay its chosen appraiser; and
>   b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim."

11. Heritage Lakes made a written demand for appraisal based on a disagreement with Nationwide as to the amount of the hail loss.

12. Nationwide rejected Heritage Lakes' demand for appraisal and refused to participate in the appraisal process.

## COUNT I
### (Declaratory Judgment)

13. Heritage Lakes re-alleges paragraphs 1 through 12 of the Facts of the Complaint as paragraph 13 of Count I of the Complaint.

14. Nationwide has a contractual obligation to proceed with appraisal to set the amount of Heritage Lakes' hail loss.

15. An actual controversy exists between Heritage Lakes and Nationwide as to the amount of the hail loss sustained by Heritage Lakes. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Heritage Lakes Estate Condominium Association, prays that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the insurance policy;

(b) stay the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## COUNT II
### (Breach of Contract)

16. Heritage Lakes re-alleges paragraphs 1 through 15 of Count I of the Complaint as paragraph 16 of Count II of the Complaint.

17. Heritage Lakes has substantially performed all conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by Nationwide including, but not limited to paying the premium for the insurance policy and filing suit against Nationwide within two years of the loss.

18. It is Nationwide's duty to pay the amount due under the insurance policy for all of the covered hail loss, including the cost to repair/replace the hail damage to the Buildings.

19. Although requested to do so, Nationwide has failed to pay for all of the damage sustained by Heritage Lakes from the hail loss, including the cost to repair/replace all of the damage to the Buildings, thus breaching the insurance contract.

20. Although requested to do so, Nationwide has failed and refused to participate in the appraisal of the loss, which failure and refusal also constitutes as breach of the insurance Policy.

21. These breaches of the insurance contract were and are the direct and proximate cause of damages to Heritage Lakes in an amount in excess of $75,000.

22. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Heritage Lakes is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Heritage Lakes Estate Condominium Association, prays for judgment in its favor and against Defendant, Nationwide Property and Casualty Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
### (Section 155 Relief)

23. Heritage Lakes re-alleges paragraphs 1 through 21 of count II of the Complaint as paragraph 23 of Count III of the Complaint.

24. At the time of the loss, Nationwide's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

25. Heritage Lakes is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Nationwide engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Heritage Lakes for the hail loss within 40 days of the loss, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the hail loss, in violation of section 154.6 of Part 919 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(c) refusing to pay for Heritage Lakes' covered loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm, Nederveld, Inc., to investigate the hail loss who is repeatedly used by and is biased in favor of insurers like

Nationwide, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(d)     refusing to pay for all of the hail damage to the Buildings based on an unreasonable interpretation of its insurance policy; specifically, that the Buildings did not sustain functional damage when the policy only requires direct physical loss or damage to the Buildings;

(e)     without proper cause, wrongfully and knowingly refusing to reimburse Heritage Lakes for all its covered hail loss under the insurance policy;

(f)     without proper cause, failing and refusing to participate in the appraisal process; and

(g)     failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, Heritage Lakes Estate Condominium Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Nationwide Property and Casualty Insurance Company.

**Plaintiff Demands Trial by Jury.**

/s/Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com